# EXHIBIT A



**Your Missouri Courts**

Search for Cases by:   Select Search Method... ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print       GrantedPublicAccess   Logoff CHRISGARCIA

**1511-CC00295 - DOMINICK PONTELLO V HORIZON DEBT GROUP LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case** Click here to Respond to Selected Documents Sort Date Entries:    **Display Options:**

◉ Descending    ○ Ascending      All Entries ▼

---

**04/28/2015**

☐ **Agent Served**

Document ID - 15-SMOS-77; Served To - HORIZON DEBT GROUP LLC; Server - ; Served Date - 20-APR-15; Served Time - 10:15:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED TO MICHAEL SMITH, MANAGING MEMBER

☐ **Notice of Service**

Affidavit of Service of Summons Served upon Defendant Horizon Debt Group LLC.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** DOMINICK PONTELLO

**04/15/2015**

☐ **Order - Special Process Server**

    Associated Entries: 04/13/2015 - Motion Special Process Server 🖼

☐ **Summons Issued-Circuit**

Document ID: 15-SMOS-77, for HORIZON DEBT GROUP LLC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. clm

**04/13/2015**

☐ **Pet Filed in Circuit Ct**

Intra-State Class Action Petition.

☐ **Filing Info Sheet eFiling**

    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Motion Special Process Server**

Plaintiff s Request for Appointment of Special Process Server.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** DOMINICK PONTELLO
    Associated Entries: 04/15/2015 - Order - Special Process Server

☐ **Motion Filed**

Motion and Memorandum in Support of Class Certification.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Judge Assigned**

---

Case.net Version 5.13.7.0        Return to Top of Page        Released 01/07/2015

**1511-CC00295**

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

IN THE CIRCUIT COURT
ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **DOMINIC PONTELLO** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Division |
| **HORIZON DEBT GROUP, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION AND MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

### INTRODUCTION

Plaintiff Dominic Pontello moves for an order certifying this lawsuit as a class action against Defendant Horizon Debt Group, LLC. Plaintiff files this Motion at this early stage in the litigation without the benefit of discovery and reserves the right to supplement and amend this Motion, if necessary, after discovery has been completed.

Plaintiff reasonably believes that class certification is proper in this matter, even without the benefit of discovery, based on his own research and that of his counsel. Plaintiff will establish that Defendant regularly uses its automatic telephone dialing system to call consumers' cellular telephones and places calls with an "automatic telephone dialing system" ("ATDS") and leaves messages with an artificial or prerecorded voice, without the prior, express consent of those consumers. *See* Plaintiff's Intra-State Class Action Petition, ¶¶ 9–14. This conduct violates 47 U.S.C. § 227(b)(1)(A)(iii) (the "TCPA").

This claim is particularly suitable for class treatment because Plaintiff anticipates that Defendant's TCPA-violative conduct—calling individuals' cellular phones with an automatic telephone dialing system without their prior express consent—was committed *en masse* to

1

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

hundreds of consumers. *See Holtzman v. Turza*, 2013 WL 4506176, at *1 (7th Cir. Aug. 26, 2013) ("Class certification is normal in litigation under § 227, because the main questions, such as whether a given [communication] is an advertisement, are common to all recipients.")

Plaintiff moves the Court to certify the following class:

> All persons with a cellular telephone with a Missouri area code to whose cellular telephones Defendant (1) placed any call using an automatic telephone dialing system or (2) left an artificial, pre-recorded message, where the person did not expressly consent to Defendant calling the person's cellular telephone during the four year period prior to the filing of this Petition.

## ARGUMENT

Plaintiff has the burden of demonstrating that the proposed classes meet the requirements of Missouri Supreme Court Rule 52.08, which is equivalent to Federal Rule of Civil Procedure 23. Dale v. DaimlerChrysler Corp., 204 S.W.3d 151, 161 (Mo. App. 2006); Coleman v. Watt, 40 F.3d 255, 258–259 (8th Cir. 1994). The threshold requirements of Rule 23 are that (1) membership in the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Once the threshold requirements are met, a party seeking class certification must also show that the requirements of one of the subsections of Rule 23(b) are met. Id.; Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 163 (1974).

The proposed class meets all of the Rule 23 requirements.

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

**A.     Rule 23(a)(1): Numerosity**

Plaintiff has yet to engage in class discovery.  However, Plaintiff anticipates discovering evidence that Defendant places tens of thousands of calls to thousands of consumers' cellular telephones each year.  Plaintiff also anticipates establishing that Defendant uses an ATDS and/or an artificial or prerecorded voice when placing their calls to consumers' cellular telephones. Plaintiff suspects that there are hundreds to thousands of Missouri consumers who have been affected by Defendant's illicit calls described in the Petition. Plaintiff anticipates that the proposed class includes at least 100 members.

Because it would be impracticable to join hundreds or thousands of individuals who are potential class members based on information Plaintiff expects to discover, the proposed classes will meet the numerosity requirement. Indeed, "a class of forty is generally sufficient to satisfy Rule 23(a)(1)." Hinman v. M and M Rental Center, Inc., 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008) (quoting McCabe v. Crawford & Co., 210 F.R.D. 631, 642 (N.D. Ill. 2002) (internal citations omitted)); *see* Patrykus v. Gomilla, 121 F.R.D. 357, 360-61 (N.D. Ill. 1988) ("The court is entitled to make common sense assumptions in order to support a finding of numerosity.").

**B.     Rule 23(a)(2): Commonality**

Rule 23(a)(2) requires that there be questions of law or fact common to the class. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (common questions of fact are typically found when the defendant has engaged in standardized conduct towards the members of the proposed class); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)").  Here, Plaintiff will establish that Defendant uniformly provides its employees with an ATDS to make calls to the class members' cellular telephones despite not having obtained any consumer's prior, express

3

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

consent.  Plaintiff will also establish that Defendant uniformly uses an artificial or prerecorded voice when calling consumers' cellular telephones, again without the consumer's prior, express consent.  This is the heart of a TCPA claim.  The common legal questions facing the class members are whether Defendant made autodialed calls and used artificial or prerecorded voices in calls to the class members' cellular phones without the prior express consent of the class members.

**C.      Rule 23(a)(3): Typicality**

Typicality under Rule 23(a)(3) is "fairly easily met" and requires only that "other class members have claims similar to the named plaintiff." DeBoer, 64 F.3d at 1774; De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."); *see also* Hinman, 545 F. Supp. 2d at 806–07 ("[C]ommonality and typicality are generally met where, as here, a Defendant engages in a standardized course of conduct vis-a-vis the class members, and plaintiffs' alleged injury arises out of that conduct.").

Here, Plaintiff's claims are *identical* to those of every member of the putative classes; namely, that Defendant engaged in identical, or nearly identical, conduct:  calling individuals' cellular phones with an autodialer without their consent, in violation of the TCPA.  Typicality is satisfied.

**D.      Rule 23(a)(4): Adequacy of Representation**

Rule 23(a)(4) requires that the proposed class representative and class counsel fairly and adequately protect the interests of the class.  This has two components:  "(1) the plaintiff's attorney must be qualified, experienced and generally able to conduct the litigation; and (2) the

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

class representative must not have claims antagonistic to or conflicting with those of other class members." G.M. Sign, Inc. v. Finish Thompson, Inc., No. 07 C 5953, 2009 WL 2581324, at *6 (N.D. Ill. Aug. 20, 2009).  Plaintiff satisfies these requirements.

Plaintiff has retained experienced counsel, as the undersigned Firm has handled numerous TCPA cases and also has experience in class litigation.  Plaintiff also understands the nature of his claims and his responsibilities as class representative.  Plaintiff will have no conflict with the interests of the classes.  Plaintiff and the absent class members all seek statutory damages under the same legal theory and facts for Defendant's routine violations of the TCPA. Plaintiff will provide more detailed information on the adequacy requirement after discovery is complete and he is ready to supplement this Motion.

**E.      Rule 23(b)(3): Predominance**

Rule 23(b)(3) requires that the questions of law or fact common to the class predominate over questions affecting only individual members. Jones v. CBE Grp., Inc., 215 F.R.D. 558, 569 (D. Minn. 2003) (citing Fed. R. Civ. P. 23(b)(3)); Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996) (Rule 23(b)(3) analysis "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class.").  Predominance requires that "common questions concerning a significant aspect of a case can be resolved in a single action." Jones, 215 F.R.D. at 569.  The inquiry focuses primarily on common questions regarding liability. Id.

Here, it is difficult to identify a single question affecting only individual members in the proposed class.  Defendant uniformly provides its employees with an ATDS to make calls to the class members' cellular telephones despite not having obtained any consumer's prior, express consent, and provide equipment to use artificial or prerecorded voices when placing those calls.

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

*Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006), quoting *O'Sullivan v. Countrywide Home Loans*, 319 F.3d 732, 738 (5th Cir. 2003), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (Rule 23(b)(3) analysis "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class").

The predominant issue for the class is whether Defendant's calls violate 47 U.S.C. 227(b)(1)(A)(iii).  This is a common question. *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 520 (N.D. Ill. 2008), quoting *P.J.'s Concrete Pumping Serv., Inc.*, 345 Ill. App.3d 992, 803 N.E.2d 1020, 1029, 281 Ill. Dec. 399 (Ill. App. 2nd Dist. 2004) ("It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class").

As to the class, it is anticipated that Defendant will contend that the inquiry about whether a consumer consented to Defendant contacting his or her cellular telephone requires an individual inquiry, thereby precluding class certification. Plaintiff expects the record to be to the contrary.  Plaintiff will establish that Defendant does not train its employees to ask consumers for consent to contact them on their cellular telephones. Defendant's employees therefore do not ask for this consent.  In light of this standardized training and conduct, Defendant cannot defeat class certification based upon the vague possibility that some consumer may have, out of the blue, consented to being contacted on his or her cellular telephone without being properly asked for such consent. *Paldo Sign and Display Co. v. Topsail Sportswear, Inc.*, 2010 WL 4931001, at *2 (N.D. Ill. Nov. 29, 2010) (it is "speculative at best" that individual consent will be an issue because the defendant "took no steps to obtain or verify consent" from the recipient); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 WL 2581324, at *5 (N.D. Ill. Aug. 20, 2009), citing *Hinman*

6

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

*v. M and M Rental Center, Inc.*, 545 F. Supp.2d 802, 807 (N.D. Ill. 2008) ("Finish cannot defeat class certification by asserting the vague possibility that some of the individuals on the anonymous lists may have perchance consented to receiving the fax").

It is anticipated that Defendant will also assert that its telephone dialer is not an ATDS within the meaning of 47 U.S.C. § 227(a)(1). This issue is common to the class because Defendant contacted all consumers using the same type of telephone dialer. Thus, this anticipated issue also does not preclude class certification. In fact, this issue further supports class certification because class actions are intended to assure that legal issues are resolved consistently for all class members.

Finally, the membership of the class is identifiable and the calculation of damages is straightforward.[1] *See Oshana*, 472 F.3d at 513. Defendant likely keeps detailed records of when it contacts consumers by telephone and maintain records, if any, demonstrating consumers' consent to be called. As a result, the membership of class should be readily ascertainable from information maintained by Defendant. <u>Mitchem v. Ill. Collection Serv., Inc.</u>, No. 09 C 7274, 2010 WL 3003990, at *5 (N.D. Ill. July 29, 2010) ("Because Defendant is capable of compiling a list of debtors who did not, under plaintiff's theory, consent to its calls, an appropriately tailored class definition could make consent a class-wide, not an individual, issue.").

As demonstrated by the foregoing, the common questions of fact and law affecting all of the members of the putative class predominate over any questions affecting only individual members, thereby making class certification appropriate.

---

[1] The members of the class who are eligible to recover damages are entitled to recover their actual monetary loss resulting from the violation, or $500 per unauthorized, autodialed call, whichever is greater. 47 U.S.C. § 223(b)(3). If the Court finds Defendant willfully or knowingly violated the TCPA, the Court has discretion to increase the award to an amount not more than $1,500 per unauthorized, autodialed call. *Id.*

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

**F.      Rule 23(b)(3): Superiority of Class Action**

There is no better method available for the adjudication of the claims of these putative class members than a class action. Crawford v. Equifax Payment Serv., Inc., 201 F.3d 877, 880 (7th Cir. 2000) ("Because these [FDCPA cases] are small-stakes cases, a class suit is the best, and perhaps the only, way to proceed"); Jackson v. Nat'l Action Fin. Servs., Inc., 227 F.R.D. 284, 290 (N.D. Ill. 2005) ("A class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually").  Class actions are superior to remedy violations of the FDCPA. *See, e.g.*, Thomas v. Kunin, No. Civ. 99–818–GPM, 2001 WL 34610463, at *2–3 (S.D. Ill. Feb. 28, 2001) (FDCPA class); Crawford, 201 F.3d at 880 (FDCPA class); Smith v. Greystone Alliance, LLC, No. 09 C 5585, 2011 WL 1303377, at *1 (N.D. Ill. March 29, 2011) (FDCPA class); Randolph, 254 F.R.D. at 513 (FDCPA class).

The alternate possibility of thousands of individual lawsuits is not a practical one. As stated by the Seventh Circuit, "[t]he more claimants there are, the more likely a class action is to yield substantial economies in litigation." Carnegie v. Household Int'l, Inc., 376 F.3d 656, 661 (7th Cir. 2004).  Furthermore, the membership of the putative class is easily identifiable because of the records and data routinely maintained by Defendant. Mitchem, 2010 WL 3003990, at *5. Thus, if this case were certified as a class action, it would not pose any unusual or difficult administrative problems. This is an ideal case for class certification.

<u>CONCLUSION</u>

Because the proposed classes meets the requirements Missouri Supreme Court Rule 52.08, Plaintiff moves that the Court certify the proposed classes, appoint Voytas & Company as class counsel, and appoint Plaintiff class representative.

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

**RICHARD A. VOYTAS JR., #52046**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**rickvoytas@gmail.com**

**1511-CC00295**

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

## IN THE CIRCUIT COURT
## ST. CHARLES COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **DOMINIC PONTELLO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **Division** |
| **HORIZON DEBT GROUP, LLC** ) | |
| ) | |
| **Serve at:** ) | |
| **William Chung or Registered Agent** ) | |
| **1900 S. Harbor City Blvd. #206** ) | |
| **Melbourne, FL 32901** ) | |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |

### REQUEST FOR APPOINTMENT OF PROCESS SERVER

     **COMES NOW** undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**Legal Ease Process Service**
**10097 Cleary Blvd**
**Suite #613**
**Plantation, FL  33324**
**954-667-3783**
**Email: info@LegalEaseProcess.com**

     Natural persons of lawful age to serve the summons and petition in this cause.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE DEFENDANT AT**:
**William Chung or Registered Agent**
**1900 S. Harbor City Blvd. #206**
**Melbourne, FL 32901**

                                        **VOYTAS & COMPANY**

                                        /s/ Richard A. Voytas, Jr.

All Risks to Plaintiff
So Appointed:

                                        **RICHARD A. VOYTAS, JR. #52046**
Date: _____    **1 North Taylor Ave.**
                                          **St. Louis, MO 63108**
                                          **314-932-1068**

By: _____
    **Judge**

**1511-CC00295**

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

## IN THE CIRCUIT COURT
## ST. CHARLES COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **DOMINIC PONTELLO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | **Division** |
| **HORIZON DEBT GROUP, LLC** ) | |
| ) | |
| **Serve at:** ) | |
| **William Chung or Registered Agent** ) | |
| **1900 S. Harbor City Blvd. #206** ) | |
| **Melbourne, FL 32901** ) | |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |

### REQUEST FOR APPOINTMENT OF PROCESS SERVER

      **COMES NOW** undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**Legal Ease Process Service**
**10097 Cleary Blvd**
**Suite #613**
**Plantation, FL  33324**
**954-667-3783**
**Email: info@LegalEaseProcess.com**

      Natural persons of lawful age to serve the summons and petition in this cause.   This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE DEFENDANT AT:**
**William Chung or Registered Agent**
**1900 S. Harbor City Blvd. #206**
**Melbourne, FL 32901**

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

All Risks to Plaintiff
So Appointed:

**RICHARD A. VOYTAS, JR. #52046**
**1 North Taylor Ave.**
**St. Louis, MO 63108**
**314-932-1068**

Date:  ALL RISKS TO PLAINTIFF
     SO APPOINTED:
     /S/  JUDY ZERR 11:23 am, Apr 15, 2015
By:_____
   **Judge**

**1511-CC00295**

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

**IN THE CIRCUIT COURT**
**ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **DOMINIC PONTELLO** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Division |
| **HORIZON DEBT GROUP, LLC** | ) | |
| | ) | |
| Serve at: | ) | |
| William Chung or Registered Agent | ) | |
| 1900 S. Harbor City Blvd. #206 | ) | |
| Melbourne, FL 32901 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**INTRA-STATE CLASS ACTION PETITION**

COMES NOW, Plaintiff, Dominic Pontello, and for his Intra-State Class Action Petition states as follows:

**INTRODUCTION**

1.     This is an action for damages brought by an individual consumer on behalf of himself and all other consumers located in Missouri and similarly situated for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Plaintiff, for himself and on behalf of his fellow class members, demands a trial by jury on all issues so triable.

**JURISDICTION**

3.     This Court has jurisdiction over these claims because Defendant's unlawful activity was directed to Plaintiff in St. Charles County, Missouri.  Venue is also proper in St. Charles County, Missouri for this reason.

1

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

## PARTIES

4.      Plaintiff is a natural person currently residing in St. Charles County, Missouri.

5.      Defendant is a foreign entity with its principal place of business in Melbourne, Florida.

6.      Defendant "cold-call" solicits consumers like Plaintiff and tries to convince them to purchase its loan refinancing products and services.

## FACTS

7.      Shortly prior to March 2, 2015, Defendant, acting on its own or through one of its agents, purchased certain information about Plaintiff.

8.      Specifically, Defendant purchased Plaintiff's cellular telephone number.

9.      On March 2, 2015, Defendant, acting on its own through one of its agents, used an automatic telephone dialing system to place a call to Plaintiff's cellular telephone number.

10.     Plaintiff answered the call.

11.     Plaintiff was greeted with an automated, pre-recorded message that advertised Defendant's loan consolidation services.

12.     Defendant used an automatic telephone dialing system with the capability to store and dial numbers, as defined by 47 U.S.C. § 227(a)(1), to place its call to Plaintiff's cellular phone.

13.     Defendant used an artificial, pre-recorded voice to contact Plaintiff via his cellular phone.

14.     Defendant's calls originated from a phone number that is registered to Defendant or its agent.

15.     Plaintiff paid minutes, money, or both for Defendant's call.

2

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

16.     Defendant's calls to Plaintiff's cellular phone were not for emergency purposes.

17.     Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

18.     Plaintiff never entered into any agreement whereby he consented to Defendant leaving automated, pre-recorded messages on his cellular phone.

## CLASS ALLEGATIONS

19.     Upon information and belief, it is Defendant's routine practice to violate the TCPA by placing non-emergency calls to consumers' cellular telephones with an automatic telephone dialing system without the consumers' prior express consent.

20.     Upon information and belief, it is Defendant's routine practice to violate the TCPA by using artificial, pre-recorded messages to contact consumers on their cellular telephones without the consumers' prior express consent.

21.     This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules.  The class consists of the following persons:

> All persons with a cellular telephone with a Missouri area code to whose cellular telephones Defendant (1) placed any call using an automatic telephone dialing system or (2) left an artificial, pre-recorded message, where the person did not expressly consent to Defendant calling the person's cellular telephone during the four year period prior to the filing of this Petition.

3

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

22.    Members of the class are so numerous that joinder is impracticable.  Based on Plaintiff's research, Defendant is a high volume loan refinancer that attempts to call more than one hundred Missouri consumers each month with its automatic telephone dialing device.

23.    Upon information and belief, Defendant has engaged in the improper telephone communications described above with at least one hundred Missouri consumers.

24.    Plaintiff is a member of the classes he seeks to represent.

25.    There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

26.    Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the class claims throughout the course of this action.

27.    A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods by the Defendant.

28.    Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

29.    The purposes of the TCPA will be best effectuated by a class action.

30.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

4

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

31.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

32.     Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

33.     Three common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendant made telephone calls to class members' cellular telephones using an automatic telephone dialing device, (2) Defendant left pre-recorded, artificial messages on class members' cellular telephones, and did so (3) without the express consent of the class members.

34.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

35.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

36.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct.   The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF THE TCPA

37.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

Electronically Filed - St Charles Circuit Div - April 13, 2015 - 04:08 PM

38.     In its attempt to solicit business from Plaintiff, Defendant has committed violations of the TCPA, 47 U.S.C. § 227 et. seq., including, but not limited to, the following:

      a.   Placing non-emergency phone calls to Plaintiff's cellular phone using an automated telephone dialing device without express authorized consent of Plaintiff.  47 U.S.C. § 227(b)(1)(A)(iii);

      b.   Placing non-emergency phone calls to Plaintiff's cellular phone using a pre-recorded artificial voice.  47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed TCPA class, appoint Plaintiff as class representative, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct violated the TCPA;

B.     Statutory damages pursuant to 47 U.S.C. § 227(b)(3); and

C.     For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

**RICHARD A. VOYTAS JR., #52046**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**rickvoytas@gmail.com**

6



**IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1511-CC00295 |
| Plaintiff/Petitioner:<br>DOMINICK PONTELLO | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>VOYTAS & COMPANY<br>1 NORTH TAYLOR AVE<br>SAINT LOUIS, MO 63108 |
| vs. | |
| Defendant/Respondent:<br>HORIZON DEBT GROUP LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **HORIZON DEBT GROUP LLC**
                                                    **Alias:**

**WILLIAM CHUNG OR R.A.**
**1900 S. HARBOR CITY BLVD. #206**
**MELBOURNE, FL 32901**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*ST. CHARLES COUNTY*

_____4/15/2015_____          _____/S/ Judy Zerr_____
Date                                                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____.
                                                                                                                                          .
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
*(Seal)*                 ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                     (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

STATE OF MISSOURI         )
                                      ) ss.
ST. CHARLES COUNTY, MISSOURI   )

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI            )
                                      ) ss.

ST. CHARLES COUNTY, MISSOURI    )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                 Plaintiff(s),   )
                                )
vs.                                  )          Cause #_____
                                  )
_____ )
             Defendant(s).  )

### CONSENT TO MEDIATION FORM

       I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                            _____
                                            Signature

                                            _____
                                            (Print Name)

                                              Attorney for:

                                            _____
                                              (Party or Parties)

Date: _____

Electronically Filed - St Charles Circuit Div - April 28, 2015 - 01:02 PM

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Missouri** | **County of Saint Charles** | **Circuit Court** |

Case Number: 1511-CC00295

Plaintiff:
**DOMINICK PONTELLO**
vs.
Defendant:
**HORIZON DEBT GROUP LLC**

For:
Richard A. Voytas, Jr.
VOYTAS & COMPANY, LLC
1 North Taylor Avenue
St. Louis, MO  63108

Received by Legal Ease Process Service, LLC on the 17th day of April, 2015 at 3:30 pm to be served on **HORIZON DEBT GROUP, LLC by serving William Chung or RA, 700 E. Lincoln Ave, #3, Melbourne, FL 32901.**

I, Henry Wardwell, III, being duly sworn, depose and say that on the **20th day of April, 2015** at 10:25 am, I:

**SERVED** the within named **LIMITED LIABILITY COMPANY** by leaving a true copy of this **Summons for personal Service Outside of the State of Missouri, Intra-State Class  Action Petition and Jury Trial Demanded** at the address of **700 E. Lincoln Ave, #3, Melbourne, FL 32901** to MICHAEL SMITH as MANAGING MEMBER of the same, pursuant to F.S. 48.062 and 608.463(1)(a).

I do hereby acknowledge that I am a Certified Process Server, in good standing, in the Circuit in which service was effected and have no interest in the above action.

State of Florida
County of Brevard

Subscribed and Sworn to before me on the 20th day of April, 2015 by the affiant who is personally known to me.

_NOTARY PUBLIC_

Michelle Dukeman



MICHELLE DUKEMAN
MY COMMISSION # FF 192009
EXPIRES: February 19, 2019
Bonded Thru Budget Notary Services

Henry Wardwell, III
CPS #027

**Legal Ease Process Service, LLC**
10501 N.W. 17th Street
Plantation, FL 33322
(954) 667-3783

Our Job Serial Number: GLD-2015061953

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Electronically Filed - St Charles Circuit Div - April 28, 2015 - 01:02 PM

*4-20-15  10:25*
*HW #027*



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 1511-CC00295 |
| Plaintiff/Petitioner:<br>DOMINICK PONTELLO | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>VOYTAS & COMPANY<br>1 NORTH TAYLOR AVE<br>SAINT LOUIS, MO 63108 |
| vs. | |
| Defendant/Respondent:<br>HORIZON DEBT GROUP LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  HORIZON DEBT GROUP LLC
Alias:

WILLIAM CHUNG OR R.A.
1900 S. HARBOR CITY BLVD. #206
MELBOURNE, FL  32901

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____4/15/2015_____          _____/S/ Judy Zerr_____
Date                                            Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is PROCESS SERVER of BREVARD County, FLORIDA (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [x] (for service on a corporation) delivering a copy of the summons and a copy of the petition to MICHAEL SMITH (name) MANAGING MEMBER (title).
   - [ ] other (describe)

Served at 700 CLANCANAVE #3, MELBOURNE FL 32901 (address)
in BREVARD County, FLORIDA (state), on APRIL 20, 2015 (date) at 10:15 AM (time).
HENRY WARDWELL          Henry Wardwell
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this 20th (day) APRIL (month) 2015 (year)

STATE OF FLORIDA
COUNTY OF BREVARD

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

MICHELLE DUKEMAN
MY COMMISSION # FF 192009
EXPIRES: February 19, 2019
Bonded Thru Budget Notary Services

Michelle Dukeman
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - St Charles Circuit Div - April 28, 2015 - 01:02 PM

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return should be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

4-20-15 10:25
HW #057



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 1511-CC00295 |
|---|---|
| Plaintiff's/Petitioner:<br>DOMINICK PONTELLO | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>VOYTAS & COMPANY<br>1 NORTH TAYLOR AVE<br>SAINT LOUIS, MO 63108 |
| **vs.** | |
| Defendant/Respondent:<br>HORIZON DEBT GROUP LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  HORIZON DEBT GROUP LLC
Alias:

WILLIAM CHUNG OR R.A.
1900 S. HARBOR CITY BLVD. #206
MELBOURNE, FL 32901

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**ST. CHARLES COUNTY**

_____4/15/2015_____          _____/S/ Judy Zerr_____
Date                                          Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is ___PROCESS SERVER___ of ___BREVARD___ County, ___FLORIDA___ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ___MICHAEL SMITH___ (name) ___MANAGING MEMBER___ (title).
    ☐ other (describe)
Served at ___700 ELANCON AVE. #3, MELBOURNE FL 32901___ (address)
in ___BREVARD___ County, ___FLORIDA___ (state), on ___APRIL 20, 2015___ (date) at ___10:25 AM___ (time).
___HENRY WARDWELL___                    ___Henry Wardwell___
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and Sworn To me before this ___20th___ (day) ___APRIL___ (month) ___2015___ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.

**STATE OF FLORIDA**
**COUNTY OF BREVARD**
☐ the judge of the court of which affiant is an officer.

MICHELLE DUKEMAN
MY COMMISSION # FF 192009
EXPIRES: February 19, 2019
Bonded Thru Budget Notary Services

☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

___Michelle Dukeman___
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Saint Charles**                    **Circuit Court**

Case Number: 1511-CC00295

Plaintiff:
**DOMINICK PONTELLO**
vs.
Defendant:
**HORIZON DEBT GROUP LLC**

For:
Richard A. Voytas, Jr.
VOYTAS & COMPANY, LLC
1 North Taylor Avenue
St. Louis, MO  63108

Received by Legal Ease Process Service, LLC on the 17th day of April, 2015 at 3:30 pm to be served on **HORIZON DEBT GROUP, LLC by serving William Chung or RA, 700 E. Lincoln Ave, #3, Melbourne, FL 32901.**

I, Henry Wardwell, III, being duly sworn, depose and say that on the **20th day of April, 2015 at 10:25 am, I:**

<u>SERVED</u> the within named **LIMITED LIABILITY COMPANY** by leaving a true copy of this **Summons for personal Service Outside of the State of Missouri, Intra-State Class Action Petition and Jury Trial Demanded** at the address of **700 E. Lincoln Ave, #3, Melbourne, FL 32901** to **MICHAEL SMITH** as **MANAGING MEMBER** of the same, pursuant to F.S. 48.062 and 608.463(1)(a).

I do hereby acknowledge that I am a Certified Process Server, in good standing, in the Circuit in which service was effected and have no interest in the above action.

State of Florida
County of Brevard

Henry Wardwell, III
CPS #027

Subscribed and Sworn to before me on the 20th day of April, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC
Michelle Dukeman



MICHELLE DUKEMAN
MY COMMISSION # FF 192009
EXPIRES: February 19, 2019
Bonded Thru Budget Notary Service

**Legal Ease Process Service, LLC**
**10501 N.W. 17th Street**
**Plantation, FL 33322**
**(954) 667-3783**

Our Job Serial Number: GLD-2015061953

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n